# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. R. BUSBY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:03-CV-06572 LJO P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND FOR IMMEDIATE FURTHER PROCEEDINGS<br><br>(Doc. 82) |

    Plaintiff Alvin R. Ross ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 14, 2006, plaintiff filed a motion seeking the appointment of counsel and immediate further proceedings concerning resolution of defendants' pending motion for summary judgment.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

///

1  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
2  of the legal issues involved." Id. (internal quotation marks and citations omitted).

3        In the present case, the court does not find the required exceptional circumstances. Even if
4  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
5  which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
6  similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a
7  determination that plaintiff is likely to succeed on the merits, and based on a review of the record
8  in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

9        With respect to plaintiff's request for immediate further proceedings, this court has an
10  extraordinary number of cases pending before it and defendants' motion will be resolved in due
11  course. Plaintiff's request at this juncture is inappropriate.

12        For the foregoing reasons, plaintiff's motion for the appointment of counsel and for
13  immediate further proceedings, filed July 14, 2006, is HEREBY DENIED.

15  IT IS SO ORDERED.

16  **Dated:   July 18, 2006**                    **/s/ Lawrence J. O'Neill**
     b9ed48                                      UNITED STATES MAGISTRATE JUDGE