# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>                    Plaintiff,<br><br>     v.<br><br>J. R. BUSBY, et al.,<br><br>                    Defendants. | CASE NO. 1:03-CV-06572 LJO P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 92) |

Plaintiff Alvin R. Ross ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 21, 2006, plaintiff filed an objection to the Court's order granting in part and denying in part defendants' motion for summary judgment, which was filed on August 17, 2006. (Docs. 84 and 92.) Defendants Busby and Chatham did not file a response. The Court construes the motion to be one for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce

the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In the order at issue, the Court, in relevant part, dismissed plaintiff's claim that he was placed in administrative segregation in retaliation for filing a group appeal, and dismissed defendants Ortiz and Stockman because no other claims were pending against them. (Doc. 84, 12:9-13 & 27:4-10.) In his motion for reconsideration, plaintiff contends that defendant Busby placed him in administrative segregation and defendant Chatham retained him in administrative segregation in retaliation against him, and he believes the Court erred in overlooking that claim. (Doc. 92, pg. 2.)

The Court did not overlook a viable retaliation claim against defendants Busby and Chatham stemming from plaintiff's placement and retention in administrative segregation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's complaint does not state a claim against defendant Busby for placing plaintiff in administrative segregation in retaliation for filing an inmate appeal or against defendant Chatham for retaining plaintiff in administrative segregation in retaliation for filing an inmate appeal. In his complaint, plaintiff alleges that on November 9, 2001, defendant Busby signed the lock-up order and placed plaintiff in administrative segregation because he was ordered to do so by defendant Ortiz and had no choice in the matter. (Doc. 1, 8:21-10:4.)

1   These allegations do not give rise to a retaliation claim against defendant Busby, and defendant
2   Chatham is not even mentioned with respect to these events.[1]
3       Further, plaintiff's retaliation claims stemming from his confinement in administrative
4   segregation were dismissed, with prejudice, on the ground that they are barred by the statute of
5   limitations. (Doc. 84, 12:9-12 & 27:4-7.) Thus, it is ultimately irrelevant whether the claim was
6   intended to be stated against only defendants Ortiz and Stockman, or whether it was intended to be
7   stated against defendants Ortiz, Stockman, Busby, and Chatham. The statute of limitations ran on
8   the claim before this suit was filed and the claim may not be pursued against any defendant.
9       Based on the foregoing, plaintiff's motion for reconsideration, filed September 21, 2006, is
10  HEREBY DENIED.

12  IT IS SO ORDERED.
13  **Dated:    October 21, 2006**              /s/ Lawrence J. O'Neill
    b9ed48                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Notably, plaintiff does not cite to his complaint in support of his assertion that he was pursuing this claim against Busby and Chatham. Rather, plaintiff cites to evidence submitted in support of defendants' motion for summary judgment and to his pretrial statement. Plaintiff may not create a claim not pled in his complaint.

3